**Kyle A. Sturm, OSB 080214**
kyle@foremansturm.com
**Nicholas A. Thede, OSB 075460**
nick@foremansturm.com
FOREMAN STURM & THEDE LLP
P.O. Box. 13098
Portland, Oregon 97213
T: 503.206.5824

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CLAREMONT TOWNHOME ASSOCIATION,<br><br>       Plaintiff,<br><br>  v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>       Defendant. | Case No.<br><br>COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against defendant American Family Mutual Insurance Company, plaintiff Claremont Townhome Association, by and through its undersigned counsel, alleges as follows:

## **PARTIES**

1.

Claremont Townhome Association ("Claremont") is a non-profit corporation organized under the laws of the state of Oregon, with its principal place of business in Portland, Oregon.

2.

American Family Mutual Insurance Company ("American Family") is a corporation organized under the laws of the state of Wisconsin, with its principal place of business in Madison, Wisconsin. At all material times, American Family was licensed to issue, and did issue, insurance policies in Oregon.

## JURISDICTION AND VENUE

3.

This Court has personal jurisdiction over all parties because American Family regularly transacts business in Oregon, and sold the subject insurance policy in Washington County, Oregon.

4.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00.

5.

Venue lies in this Court pursuant to 28 U.S.C. § 1391(a) because the events that gave rise to this action occurred in Washington County, Oregon.

## FACTUAL ALLEGATIONS

6.

Claremont is a community association located in Washington County, Oregon, and is responsible for the maintenance and repair of the residential buildings.

/ / /

7.

American Family issued a series of insurance policies to Claremont that covered property damage to the Claremont buildings pursuant to the terms set forth in the policies ("the American Family policies").

8.

Claremont's buildings sustained property damage while the American Family policies were in effect.

9.

Claremont submitted a claim for property damage under the American Family policies.

10.

The property damage sustained at the Claremont buildings was covered under the American Family policies.

11.

Claremont requested that American Family enter into a tolling agreement to continue the investigation and adjustment of Claremont's claim, attempt to resolve the claim, and to avoid any litigation.

12.

American Family rejected Claremont's request for a tolling agreement, which necessitated the filing of the present lawsuit.

13.

American Family has refused to accept or deny coverage for Claremont's claim.

14.

American Family has not paid any amount to Claremont on its claim.

15.

American Family's refusal to accept or deny Claremont's claim is unreasonable.

16.

American Family's acts or omissions in investigating, adjusting, and handling Claremont's claim breached the obligations imposed by the American Family policies.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Breach of Contract - Express)**

17.

Claremont incorporates all of the preceding paragraphs as if fully stated herein.

18.

The American Family policies constitute valid, enforceable contracts with Claremont.

19.

American Family breached the terms of the American Family policies by failing to pay Claremont on it claim for coverage.

20.

As a result of American Family's breach, Claremont suffered damages in an amount to be proven at the time of trial.

21.

Claremont is entitled to recover its attorney fees and costs from American Family pursuant to ORS 742.061.

/ / /

## SECOND CLAIM FOR RELIEF

### (Breach of the Contract - Implied Covenant of Good Faith and Fair Dealing)

22.

Claremont incorporates all of the preceding paragraphs as if fully stated herein.

23.

The implied terms of the American Family policies include American Family's promise to act in good faith and deal fairly with Claremont in all matters related to the American Family policies, including the investigation, adjustment, and payment of Claremont's claim.

24.

American Family breached the implied covenant of good faith and fair dealing in the American Family policies, including, but not limited to, the following particulars:

(a)     Compelling Claremont to initiate litigation to recover amounts due and owing under the American Family policies;

(b)     Forcing Claremont to retain counsel to file a lawsuit to recover under the American Family policies;

(c)     Failing to promptly provide a proper explanation of the bases relied upon in failing or refusing to indemnify Claremont for its loss, including reciting the applicable facts or law forming the basis for the denial or refusal to pay;

(d)     Failing to indemnify Claremont for the damage sustained to its buildings;

(e)     Withholding payment of indemnification of Claremont's loss without having or communicated to Claremont a reasonable basis for such an act or omission;

(f)     Failing or refusing to fully and promptly investigate and ascertain Claremont's losses;

(g)    Unreasonably delaying payment of Claremont's claim;

(h)    Failing or refusing to investigate and adjust Claremont's claim in a fair and reasonable matter;

(i)    Not attempting, in good faith, to promptly and equitably settle Claremont's claim after liability became reasonably clear;

(j)    Failing to affirm or deny coverage within a reasonable time; and

(k)    Placing American Family's interests above those of Claremont.

25.

American Family's refusal to act in good faith constitutes a breach of the American Family policies.

26.

It was foreseeable to American Family that Claremont would suffer additional damage, including incurring additional expenses and loss of use, as a consequence of American Family's breach of the implied covenant.

27.

American Family failed to make payment, refused to make payment, and delayed payment for losses that were covered under the American Family policies, thus causing damages to Claremont.

28.

Claremont suffered consequential damages as a result of American Family's breach of the American Family policies.

/ / /

29.

As a result of American Family's breach of the implied covenant, Claremont has been damaged in an amount to be proven at the time of trial.

30.

Claremont is entitled to recover its attorney fees and costs from American Family pursuant to ORS 742.061.

**THIRD CLAIM FOR RELIEF**

**(Negligence *Per Se*)**

31.

Claremont incorporates all of the preceding paragraphs as if fully stated herein.

32.

Oregon law required American Family to comply with the Oregon Unfair Claims Settlement Practices Act, ORS 746.230 *et seq.*, which establishes as a matter of law the applicable standard of care to be followed by or against their insureds.

33.

American Family's claims handling and conduct in connection with Claremont's claim for coverage under the American Family's policies were negligent *per se*, and were designed to make Claremont to compromise valid claims to accept less than what was due under the American Family policies.

34.

American Family's conduct, as alleged above, breached the standard of care owed to Claremont in at least one of the following ways:

(a)    Misrepresenting facts or policy provisions in settling claims in violation of ORS 746.230(1)(a);

(b)    Failing to acknowledge and act promptly upon communications relating to claims in violation of ORS 746.230(1)(b);

(c)    Failing to adopt and implement reasonable standards for the prompt investigation of claims in violation of ORS 746.230(1)(c);

(d)    Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d);

(e)    Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted in violation of ORS 746.230(1)(e);

(f)    Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear in violation of ORS 746.230(1)(f);

(g)    Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants in violation of ORS 746.230(1)(g); and

(h)    Failing to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of the claim in violation of ORS 746.230(1)(m).

35.

Claremont, as an insured under the American Family policies, is and at all material times was a member of the class of persons intended to be protected under ORS 746.230 *et seq*.

/ / /

36.

Claremont's breach of the applicable standard of care has damaged Claremont in the following ways:

        (a)    Claremont was required to incur the entire cost to remediate and repair the property damage;

        (b)    Claremont has been forced to incur costs it would not have been forced to incur had it not been required to pay the entire cost to remediate and repair the property damage;

        (c)    Claremont's members have been required to spend a substantial amount of time, effort, and expense in responding to American Family's demands and in securing the benefits it is owed under the American Family policies; and

        (d)    American Family's breach of the applicable standard of care has damaged Claremont in the amount that Claremont has incurred and continues to incur in addressing the various breaches.

37.

The damages suffered by Claremont are the type that ORS 746.230 *et seq.* was intended to prevent.

38.

Claremont is entitled to recover its attorney fees incurred in this action pursuant to ORS 742.061, as well as the attorney fees incurred in pursuing Claremont's rights under the American Family policies prior to filing this action, because of American Family's negligence.

39.

American Family's showed a reckless and outrageous indifference to a highly unreasonable risk of harm to its insured, and American Family acted with a conscious indifference to the interests

and welfare of its insured.  In order to deter such conduct by American Family in the future, and to prevent such repetition of such conduct as a practice, Claremont should be awarded punitive damages in addition to the damages set forth above.

WHEREFORE, Claremont requests the following relief:

A.	On the First and Second Claims for Relief, that judgment be entered in its favor, and against American Family, in an amount to be proven at the time of trial;

B.	On the Third Claim for Relief, that judgment be entered in its favor, and against American Family, for compensatory damages in an amount to be proven at trial and for punitive damages in an amount to be proven at trial;

C.	That Claremont recover pre- and post-judgment interest;

D.	That Claremont recover its attorney fees and costs pursuant to ORS 742.061;

E.	That Claremont recover its expert fees and costs; and

F.	Such other relief as deemed just and appropriate by the Court.

DATED:  July 18, 2017	Respectfully submitted,

FOREMAN STURM & THEDE LLP

By: _s/ Nicholas A. Thede_____
**Kyle A. Sturm, OSB No. 080214**
kyle@foremansturm.com
**aNicholas A. Thede, OSB No. 075460**
nick@foremansturm.com

Attorneys for Plaintiff